UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALICIA M. PAGE, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 19-cv-5965 |
| v. ) ) | Judge Sharon Johnson Coleman |
| ALLIANT CREDIT UNION, et. al, ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On August 26, 2020, the Court granted in part with prejudice and granted in part without prejudice defendant Alliant Credit Union's motion to dismiss plaintiff Alicia Page's complaint. Before the Court is Page's motion for leave to amend her breach of contract claim—a claim the Court dismissed with prejudice—pursuant to Federal Rule of Civil Procedure 15(c), or in the alternative, a motion for reconsideration of the August 2020 ruling. For the following reasons, the Court, in its discretion, denies Page's motion in its entirety.

**Background**

In the August 2020 ruling, the Court examined Page's breach of contract claim based on her November 2013 Membership Agreement with Alliant, a non-profit, state-chartered credit union that offers its members various financial services like checking accounts and debit cards. Page had alleged that Alliant had breached the November 2013 Membership Agreement by assessing overdraft or NSF fees even if a member's account had sufficient funds. Further, she based her breach of contract claim on Alliant's alleged practice of charging multiple overdraft fees for one purchase. After a lengthy discussion of the unambiguous terms of the November 2013 Membership Agreement, the Court concluded that Alliant had not breached the agreement under Illinois law. As such, the Court dismissed Page's breach of contract claim with prejudice and did not grant Page

leave to amend this claim because it failed as a matter of law.  The Court presumes familiarity with its August 2020 ruling.

**Discussion**

*Motion for Reconsideration*

The August 2020 ruling did not dispose of this case in its entirety, therefore, the Court reviews Page's motion to reconsider under Federal Rule of Civil Procedure 54(b).  *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018).  Motions for reconsideration serve the limited function of correcting manifest errors of law or fact or to discuss newly discovered evidence, and the Court has considerable discretion in determining reconsideration motions.  *Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019).

First, Page bases her motion for reconsideration on what she describes as "newly discovered" evidence that she contends supports her theory of liability as to her breach of contract claim.  She explains that in August 2019, prior to her filing this lawsuit, Alliant amended its membership agreement and changed certain relevant language that was in the November 2013 Membership Agreement which controlled her breach of contract claim.  Page maintains that because Alliant did not tell her or the Court about the material changes to the language made in the August 2019 Membership Agreement, there is "newly discovered" evidence.

Newly discovered evidence cannot be introduced in a motion for reconsideration unless the moving party can show that it could not have discovered the evidence with reasonable diligence.  *Goplin v. WeConnect, Inc.*, 893 F.3d 488, 490 (7th Cir. 2018).  Page fails to fulfill this standard because her counsel was aware of the August 2019 Membership Agreement by no later than November 25, 2019, when Alliant attached the agreement to its motion to compel arbitration against Page's co-plaintiffs.  Indeed, in January 2020, Page's counsel discussed this agreement in detail in its response to Alliant's motion to compel arbitration.  Furthermore, the Court analyzed the August 2019

Membership Agreement in its May 18, 2020 order granting the motion to arbitrate. Based on this timeline and taking Page's assertion as true that her counsel did not discover the changes in the language in the August 2019 agreement until August 2020, counsel did not exercise reasonable diligence in uncovering the relevant language. As such, Page's newly discovered evidence assertion fails.

Further, Page's argument that Alliant purposely withheld this information has no basis in the record. It was not Alliant's duty to highlight the changes in the new August 2019 Membership Agreement, especially because that agreement did not control Page's breach of contract claim.

Next, Page disagrees with the Court's interpretation of the November 2013 Membership Agreement and appears to be arguing that the Court committed a manifest error of law by not considering all of her well-pleaded allegations as true when the Court rejected her arguments. The Court first notes that "[w]hen an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). In short, the language in the November 2013 Membership Agreement controlled the Court's analysis if Page's allegations conflicted with it.

Turning to Page's specific argument that the Court did not consider all of her well-pleaded allegations as true, Page alleged that Alliant did not use just two types of balances in determining overdraft charges—sometimes called the ledger balance and the available balance. Instead, she argues that there was a third balance she calls an "artificial available balance" where Alliant used "accounting gimmicks." Whether there was a third balance as Page alleges is of no moment because under the unequivocal language of the November 2013 Membership Agreement, a member could only withdraw money if there were available funds to cover the full amount of the withdrawal. And, the agreement made clear that not all funds were immediately available for use or withdrawal as set

forth in the Funds Availability Policy.  In the end, Page is rehashing arguments that the Court already rejected.  The Court thus denies Page's motion for reconsideration.

*Motion for Leave to Amend*

Under Rule 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the courts' leave," and "the court should freely give leave when justice so requires." Nevertheless, district courts are afforded broad discretion to deny leave to amend if there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile."  *Heng v. Heavner, Beyers & Mihlar, LLC,* 849 F.3d 348, 354 (7th Cir. 2017) (citation omitted).

Based on the August 2019 Membership Agreement discussed above, Page seeks leave to amend her breach of contract claim.  Page's tardiness in amending her claims represents undue delay, and the premise of her argument, that her counsel was not aware of the changes in the language of August 2019 Membership Agreement until August 2020, is questionable under the circumstances.

Moreover, amending the breach of contract allegations based on the August 2019 Membership Agreement would be futile.  As the Court discussed in the August 2020 ruling, the language of the controlling November 2013 Membership Agreement was unambiguous on its face. Page's attempt to insert and contrast the different language from the August 2019 Membership Agreement to create an ambiguity amounts to extrinsic evidence, which the Court cannot consider when a contract is unambiguous.  *See Abellan,* 948 F.3d at 828; *see also Obenland v. Economy Fire & Cas. Co.,* 599 N.E.2d 999, 1004, 174 Ill.Dec. 915, 920, 234 Ill.App.3d 99, 107 (1st Dist. 1992) ("later revisions were irrelevant to whether the clause as originally written was ambiguous").  Also, Alliant issued its August 2019 Membership Agreement after Page had stopped banking with Alliant, which further underscores that the later agreement is irrelevant to Page's breach of contract claim.

Therefore, the Court denies Page's motion for leave to amend based on undue delay and futility.

On a final note, Page's arguments made for the first time in her reply brief are waived. *See Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020).

**Conclusion**

For these reasons, the Court denies plaintiff's motion for leave to file a second amended complaint, or in the alternative, motion for reconsideration [76]. The Court denies plaintiff's request for judicial notice as moot [87]. The Court will address defendant's motion to dismiss the first amended complaint in a separate order.

IT IS SO ORDERED.

Date: 4/20/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge