UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALICIA M. PAGE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 19-cv-5965 ) ) Judge Sharon Johnson Coleman |
| v. | ) ) |
| ALLIANT CREDIT UNION, et. al, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

After the Court granted in part and denied in part defendant Alliant Credit Union's ("Alliant") first motion to dismiss on August 26, 2020, the Court granted plaintiff Alicia Page ("Page") leave to reallege her claims brought under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.* and her quasi-contract claims. Page then filed a first amended complaint that Alliant seeks to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Alliant's motion in its entirety.

**Background**

Alliant is a non-profit, state-chartered credit union that offers its members various financial services, including checking accounts and debit cards. Alliant's relationship with Page is governed by the November 2013 Account Agreement and Disclosures, including the agreement's assessment of overdraft or NSF fees. As discussed in the earlier ruling, the Court concluded that Page's breach of contract claim failed based on the unambiguous language of the agreement and dismissed this claim as a matter of law. Recently, the Court denied Page's motion for leave to amend her breach of contract claim, along with her motion for reconsideration of the Court's August 2020 ruling. The Court presumes familiarity with that ruling, along with the August 2020 decision granting Alliant's first motion to dismiss.

In her first amended complaint, Page alleges that Alliant has engaged in unfair and deceptive business practices in violation of the ICFA. The Court previously dismissed these claims without prejudice because Page did not allege any conduct separate from the breach of the November 2013 Membership Agreement. Also, Page did not allege the deceptive business practices with the requisite particularity required under Rule 9(b).

Page also brings quasi-contract claims for equitable relief in the alternative to her breach of contract claim. In the prior ruling, the Court dismissed Page's quasi-contract claims without prejudice because Page incorporated her breach of contract allegations into her claims for "unjust enrichment" and "money had a received."

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Discussion**

*ICFA Claim*

Page brings claims of deception and unfair conduct under the ICFA, which is "a regulatory and remedial statute intended to protect consumers ... against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019). To prevail on such claims, "a plaintiff must plead and prove that the defendant committed a deceptive or unfair act with the intent that others rely on the deception, that

the act occurred in the course of trade or commerce, and that it caused actual damages." *Id.* (quoting *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019)). A "breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." *Philadelphia Indem. Ins. Co. v. Chicago Title Ins. Co.,* 771 F.3d 391, 402 (7th Cir. 2014) (citation omitted). Rather, a plaintiff must identify a stand-alone deceptive or unfair practice. *Community Bank of Trenton v. Schnuck Markets, Inc.,* 887 F.3d 803, 822 (7th Cir. 2018).

In her first amended complaint, Page sets forth new, stand-alone allegations of deceptive misrepresentations Alliant published on its website. These statements and the dates they were made include:

- Alliant's fees are well below those of most banks and credit unions (12/13/14).

- Alliant delights members by introducing $20 per month ATM rebates as of way of responding to member feedback and the increasing fees charged by ATM owners (1/21/15).

- Alliant improved service and cut average call times significantly by adding 48 phone reps in the member care center last year (6/21/19).

- Like everything we do at Alliant the changes were made to Alliant's call center were in service to our members (9/23/19).

- Alliant puts member experiences at the forefront and addresses our members' needs (12/4/19).

Page also points to the following statement made on an Alliant's February 14, 2014 blogpost: "Alliant offers low fees to its members. This no or low-fee banking experience lets them save more and helps their savings grow faster." Page also points to a January 23, 2014 blog post entitled "How money management tools can help you avoid overdrafts" as a basis for her claims.

Because proximate causation is a requirement of a deceptive business practices claim, the Court turns to Page's allegations of causation. *Community Bank of Trenton*, 887 F.3d at 822. To show proximate cause, the "plaintiff must *actually* be deceived by a statement or omission that is made by the defendant. *Id.* (citation omitted) (emphasis in original). Accordingly, "plaintiffs can state a valid

claim of consumer fraud only where premised upon statements made prior to their dates of purchase." *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 594, 221 Ill.Dec. 389, 399, 174 Ill.2d 482, 502 (Ill. 1996). Under this precedent, statements made after Page stopped banking with Alliant cannot support her deceptive business practices claim, which leaves four of the statements highlighted above. Viewing the allegations and all reasonable inferences in Page's favor, she does not allege that she saw or heard the remaining four statements, let alone that she was actually deceived by them. As the Illinois Supreme Court has held "[i]f a consumer has neither seen nor heard any such statement, then she cannot have relied on the statement and, consequently, cannot prove proximate cause." *De Bouse v. Bayer*, 922 N.E.2d 309, 316, 337 Ill.Dec. 186, 193, 235 Ill.2d 544, 554 (Ill. 2009). Meanwhile, Page's cursory allegations of causation do not meet Rule 9(b)'s particularity standard, as required for deceptive business practices claims. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (plaintiffs "must specifically allege the who, what, when, where, and how of the fraud.") (citation omitted).

Page also argues that these statements reflect unfair business practices, and therefore, she need not meet Rule 9(b)'s requirements. *See Pirelli Armstrong Tire Corp. v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011) ("When a claim alleges an unfair practice, the relaxed pleading standards of Rule 8 do indeed govern."). In making her argument, Page asserts that these practices offend public policy, are immoral, unethical, oppressive, or unscrupulous, and they cause substantial injury to consumers. Although these are the factors courts consider in determining whether an unfair business practice exists, and construing the allegations as true and in her favor, Page fails to tie the statements made on Alliant's website or in an Alliant blogpost to her allegations of an unfair business practice. In particular, Page argues that Alliant has abusive and predatory practices when it comes to NSF and overdraft fees, yet the majority of the statements she highlights have nothing to do with banking fees, let alone overdraft fees. Indeed, Page's unfair practice allegations are merely

4

tacked on to her claims of deceptive conduct, and as the Seventh Circuit has held "[s]imply adding language of 'unfairness' instead of 'misrepresentation' does not alter the fact that [plaintiff's] allegations are entirely grounded in fraud under the ICFA." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014).

In the end, Page's allegations in her first amended complaint fall short of stating an unfair or deceptive business practice under Rule 9(b) and the more lenient federal pleading standard under Rule 8. The Court denies Page's ICFA claims with prejudice.

*Quasi-Contract Claims*

Next, Alliant seeks to dismiss Page's equitable claims of unjust enrichment and "money had and received." Although plaintiffs may plead quasi-contract claims in the alternative to breach of contract claims, the "inconsistent-pleading option in this context is limited." *Cohen v. American Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013). While a "plaintiff may plead breach of contract in one count and unjust enrichment" in others, "it may not include allegations of an express contract which governs the relationship of the parties, in the counts for unjust enrichment." *Id.* This is because claims for unjust enrichment are based on a contract implied in law where there is a duty to pay to prevent unjust enrichment and there is no adequate remedy in law. *First Midwest Bank v. Cobo*, 90 N.E.3d 567, 575, 418 Ill.Dec. 409, 417, 2017 IL App (1st) 170872, ¶ 29 (1st Dist. 2017).

The Court granted Alliant's motion to dismiss the quasi-contract claims alleged in the original complaint because Page incorporated her breach of contract claim into her unjust enrichment and "money had and received" claims. Page's new allegations in her first amended complaint do not cure this defect. Instead, she bases her unjust enrichment claim on Alliant's inadequate disclosure in her November 2013 Membership Agreement regarding the type of balance calculation used to determine overdraft transactions and fees. These allegations not only invoke the parties' express contract—which governs the parties' relationship—but as discussed in the Court's

August 2020 ruling, state law claims based on the failure to disclose fee practices are preempted by the Truth in Savings Act ("TISA"). *See* 12 C.F.R. § 701.35(c); *Lambert v. Navy Federal Credit Union*, No. 19-cv-103, 2019 WL 3843064, at *2 (E.D. Va. Aug. 14, 2019).

Next, in alleging her "money had and received," Page bases her claim on the parties' obligations and duties under the November 2019 Membership Agreement, such as overdraft fees, although she "disavows" any incorporation of her breach of contract allegations. A "money had and received" claim is similar to a claim for unjust enrichment. *Bueker v. Madison County*, 61 N.E.3d 237, 256, 406 Ill.Dec. 633, 652, 2016 IL App (5th) 150282, ¶ 53 (5th Dist. 2016). Like unjust enrichment, a claim for "money had and received" is based on an implied contract or quasi-contract theory, not an express contract. *Kaiser v. Fleming*, 735 N.E.2d 144, 147, 248 Ill.Dec. 824, 827, 315 Ill.App.3d 921, 925 (2d Dist. 2000). Because the parties' relationship is based on the November 2013 Membership Agreement, Page's money had and received claim is without merit. In her response brief, Page attempts to amend her allegations by mentioning the claim of assumpsit, but it is well-established that plaintiffs cannot amend their complaints in response. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011).

On a final note, Page's attempt to tie both of her quasi-contract claims to her ICFA claims fail because her ICFA claims are deficient. *See Benson*, 944 F.3d at 648.

**Conclusion**

For these reasons, the Court grants defendant's motion to dismiss plaintiff's first amended complaint with prejudice [78]. Civil case terminated.

IT IS SO ORDERED.

Date: 4/29/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

6